IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KARIM SEHOUL,

    Petitioner,

v.                                                          CASE NO. 4:16-cv-285-RH-GRJ

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

    Respondent.
_____/

# REPORT AND RECOMMENDATION

This cause is before the Court on ECF No.7, Respondent's Motion to Dismiss, requesting the Court to dismiss this case because Petitioner's petition is moot.

By way of background Petitioner Karim Sehoul ("Sehoul)—a Moroccan citizen, who entered the United States as a child in 1995 and who became a lawful permanent resident—initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 asking for his release from custody.  Because of certain criminal convictions, U.S. Immigration and Customs Enforcement ("ICE"), sought an order to remove Sehoul to Morocco.[1] The Order of Removal became final on November 4,

---

[1] ECF No. 6-1, Declaration of Ryan Clark ("Clark Decl.") ¶5.

2015.[2]  ICE took custody of Sehoul on December 23, 2014, from the Florida Department of Corrections.[3]  In this proceeding Sehoul does not challenge the validity of the removal order but rather under *Zadvydas v. Davis,* 533 U.S. 678 (2001) he argues that the presumptively reasonable period for removal had passed and it was not significantly likely that he would be removed in the reasonably foreseeable future.

On August 1, 2016, ICE conducted a post-order custody review of Sehoul's case and determined that he should be released on an order of supervision, pending issuance of his travel document by the Consulate General of Morocco.[4]  On August 2, 2016, ICE released Sehoul from confinement at the Wakulla County Detention Facility under an order of supervision.[5] Because Sehoul has now been released from custody, ICE requests the Court to dismiss the petition as moot. Sehoul did not file a response to the motion to dismiss and the time for doing so has now passed. The motion, therefore, should be granted.

---

[2] Clark Decl. ¶17.

[3] Clark Decl. ¶7.

[4] Clark Decl. ¶¶26-27.

[5] ECF No. 7, attachment 1.

## DISCUSSION

Because Sehoul was physically confined at the Wakulla County Detention Facility under a federal order of removal, Sehoul was in custody for purposes of bringing a petition for a writ of habeas corpus. Even though Sehoul has now been released from custody but is under an order of supervision, Sehouls is still entitled to challenge the order of supervision in this habeas corpus proceeding. *Alvarez v Holder,* 454 F. App'x. 769, 772 (11th Cir. 2011)(district court has jurisdiction to hear constitutional arguments relating to the conditions of release of an alien subject to an order of removal).

Sehoul has been given an opportunity to challenge the conditions of supervision by opposing ICE's motion to dismiss. Sehoul has not filed any opposition or challenge to the order of supervision. Where, as here, the alien has been released from custody and does not challenge the order of supervision, the habeas corpus petition is subject to dismissal as moot. *Gittens v. Holder,* No. 4:12-CV-173-CDL, 2013 WL 3965462, at *3 (M.D. Ga. Aug. 1, 2013).

Therefore, because Sehoul has been released from custody and has not challenged the order of supervision, the petition for writ of habeas

corpus is moot and should be dismissed.

For the foregoing reasons it is respectfully **RECOMMENDED** that

1.  Respondent's Motion to Dismiss, ECF No. 7, should be **GRANTED**.

2.  The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, should be **DISMISSED as moot**.

**IN CHAMBERS** this 24th day of August 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.